## VERT v. VERT.

1. This court will not review an order of the circuit court refusing to vacate an appealable order theretofore made by such court, and which it had jurisdiction to make.
2. To review such order would be, in effect, to pass upon the merits of the first order, and the time for an appeal from and review of the first order cannot be thus extended.

3. To justify a court in modifying its former judgment as to allowance of alimony, it should be satisfied that it is passing upon a different state of facts from those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court, applying equitable rules and principles, to change the allowance.

(Syllabus by the Court. Opinion filed March 15, 1893.)

Appeal from circuit court, Hughes county. Hon. H. G. FULLER, Judge.

Action for divorce. The defendant answered and plead a cross bill for divorce. There was a judgment for defendant upon her cross bill and the court ordered the payment to her of $25 monthly, as alimony. Subsequently an order was made reducing the alimony to the sum of $15 per month. Thereafter the defendant moved to vacate the last-named order and to increase her alimony to the sum of $25 per month. This motion was denied and defendant appeals. Affirmed.

The facts are stated in the opinion.

*A. B. Melville*, for appellant.

A change in the rate of alimony allowed cannot be made unless there has been a material alteration of circumstances. Buchmunster v. Buchmunster, 38 Vt. 248; Fisher v. Fisher, 32 Iowa, 20; Blythe v. Blythe, 25 Iowa, 266; Wild v. Wild, 36 Iowa, 319; Goodman v. Goodman, 26 Mich. 417; Perkins v. Perkins, 12 Mich. 456; Parker v. Parker, 61 Ill. 366; Semrow v. Semrow, 23 Minn. 211; 1 Am. & Eng. Enc. Law, 482. The permanent alimony allowed should be from one-third to one-half of the income. Segelbaum v. Segelbaum, 39 N. W. 492.

*C. G. Hartley*, for respondent.

An appeal will not lie from a chambers order as such. Black Hills v. Railroad, 51 N. W. 342; Sellers v. Lumbering, 36 Wis. 398; sections 4828, 5236, Comp. Laws; Insurance Co. v. Mayer, 50 N. W. 706. An appeal cannot be taken jointly from the two

orders mentioned in the notice of appeal. Hackett v. Gunderson, 1 S. D. 479; Hawkins v. Hubbard, 2 S. D. 631. Decrees granting alimony and divorce are always subject to change at any time. Straws v. Henry, 2 N. W. 1096.

KELLAM, J. In 1891, appellant commenced an action against respondent for separate maintenance. While such action was pending, respondent began an action in the same court against appellant for divorce. These actions were consolidated, and appellant's pleadings so amended as to ask for a divorce from respondent. Upon the trial a judgment of divorce was entered in favor of appellant, and against respondent, and by the judgment of the court $25 was ordered to be paid monthly by respondent to appellant for her support. Upon the 20th day of April, 1892, on motion of respondent, and upon his affidavit purporting to justly exhibit his financial condition, and upon counter affidavits on the part of appellant, the court made an order reducing such alimony to $15 per month, with leave to appellant to apply for a modification if respondent's circumstances should subsequently improve. To the making of this order appellant objected, both upon the merits and on the ground that the court had no authority to change or modify the alimony as fixed in the judgment, except upon a showing of a material change in the circumstances of respondent. On the 6th day of September following, appellant moved the court for an order increasing her alimony in this case from $15 per month to $25 per month, and setting aside the order of April 20th, 1892, which temporarily reduced the alimony from $25 per month to $15 per month. This motion was supported and resisted by affidavits. The motion was denied, and this appeal is brought to review such decision.

It is contended by appellant that the motion should have been granted, for the reason that the order of April 20th, reducing the alimony, was made without authority, because it was not shown that respondent's circumstances had changed for the worse since the rendition of the judgment which fixed the alimony at $25.

We have no means of examining this question. The record is entirely silent as to respondent's condition at the time of the judgment, but it was shown that he duly paid the monthly installments for December, 1891, and January, February and March, 1892. That during these months he had been teaching school at $35 per month; that in April he was out of employment, and unable to obtain it; that he was obliged to support their infant child; that he was not only destitute of money and property, but that he had been obliged to borrow money to enable him to meet the expenses of himself and child and the payments to appellant. It is true it does not appear that any sickness or other misfortune had overtaken him; nor is there any express showing of his circumstances or his ability to pay in April, as compared with his circumstances and ability at the time of the decree. To justify the court in modifying its former judgment, it should undoubtedly be satisfied that it is passing upon a different state of facts than those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court applying equitable rules and principles to change the allowance. If it appeared to the satisfaction of the court that respondent's affairs had, without contributory fault on his part, so changed as to materially affect his ability to pay, the court might, as provided in section 2584, Comp. Laws, modify the allowance, for it was the rights of the parties under the facts existing at the time of the decree that were then adjudicated. The trial court was evidently of the opinion that the affidavits presented did show such change, and, under the particular circumstances of this case, it was a question of fact peculiarly within its province to determine. But assuming that the order of April 20th, reducing the alimony, ought not to have been made, still it was made, and was not void, for the court had jurisdiction of the parties and the subject-mat-

ter. Although erroneous, it was a good order until reversed. For five months appellant has acquiesced in it, receiving without objection the monthly stipend allowed by it. It is true she excepted to the decision of the court making the reduction, but took no further timely steps to have it reviewed, either by appeal or otherwise, and it is now too late to review that proceeding. There is no pretense that the order was made through "mistake, inadvertence, surprise, or excusable neglect," so as to be subject to section 4939, Comp. Laws, which provides that the court may set aside such an order at any time within a year from notice. To entertain and examine this appeal from the order of the court refusing to set aside its former order would be, in effect, reviewing and passing upon the merits of the first order. The time within which an order may be brought to the appellate court for review is fixed by statute, and it cannot be thus extended. Thompson v. Lynch, 43 Cal. 482; Insurance Co. v. Weber, (N. D.) 50 N. W. Rep. 703.

So far as the order appealed from may be regarded as a refusal by the court to increase the allowance to appellant to $25 per month, we think it is right, upon the facts shown. Of course we know nothing of the evidence upon which the divorce was granted. The cause was desertion, and we assume that respondent was the party principally in fault. The affidavit before us shows that he has no property, no profession, and no money, except as he earns it either by manual or mental labor; that he is charged with the support of the infant child of the parties of this proceeding, and is considerably in debt. The appellant is not in good health, but is sufficiently strong so that she is earning moderate wages at typewriting. The case presents not only the question of how much a woman so circumstanced ought to have, but also the question of how much a man so circumstanced ought to pay. In the adjustment of these conflicting considerations, we think the court below acted with discretion and good judgment. The order appealed from is affirmed. All the judges concurring.