## GRANT V. GRANT.

1. Where, before the appeal of a divorce case to this court, the trial court has made orders for reasonable temporary alimony for the wife, a motion in this court for further alimony will be denied, where the affidavits for and against the motion leave this court in serious doubt as to the ability of the husband to pay more than the trial court has already ordered.

2. In such case the question is not only what the wife ought to have, but what the husband can and ought to pay.

(Syllabus by the Court. Opinion filed Feb. 17, 1894.)

Original application by Alice C. Grant against Samuel Grant for counsel fees, etc., pending appeal. Denied.

*George N. Baxter*, for appellant.

*H. S. Gipson*, for respondent.

KELLAM, J. This is an application to this court for temporary alimony. The appellant obtained a decree of divorce from respondent in the circuit court of Brookings county. The decree upon motion of respondent was vacated, and a new

trial was granted. From the order vacating the decree, and granting a new trial, the appellant has taken an appeal to this court, which is now pending. This application is based upon the alleged facts that the respondent is without money, means, or property of any description or kind whatever, to enable her to resist this appeal, except a few articles of wearing apparel, nor has she other resources from or by which she can raise money. It is further alleged that the appellant is a man of large pecuniary and personal resources, and the owner of considerable property, real and personal, altogether aggregating in value the sum of $75,000, from all of which he derives a large annual income. No affidavits are filed by the appellant, but we are referred to the affidavit of Samuel Grant, the appellant, which is to be found in the abstract in the case of Grant v. Grant, (decided at the present term of this court) 5 S. D. 1, 57 N. W. 948, and which, for the purposes of this motion, may be considered as before us. In this affidavit the appellant denies that he is the owner of property of the aggregate worth of $75,000, but says the truth to be that he is only worth in real and personal property, of every kind and description, at a fair and just valuation, not to exceed $8,100, and that when his just and lawful debts are paid, he will not be worth over the sum of $400. He further alleges in his affidavit that heretofore, to-wit, September 20, 1892, by order of the court, he paid the respondent the sum of $300, which he alleges was, at the time of the payment of it, understood and agreed would be in full for all suit money and counsel fees during the pendency of this action. This payment and its effect we have considered in Grant v. Grant (decided at this term). Appellant further denies that the respondent is without means or property to pay reasonable counsel fees and expenses, but says the truth to be that she is worth at least $1,300, in property, consisting of diamonds, a phaeton, a valuable wardrobe, including a sealskin sack costing $250, all of which was presented to her by this appellant. It appears, further, as already noticed, that on the 18th day of

November, 1892, a judgment was rendered by the court dissolving the marriage contract between the parties; that December 27, 1892, defendant gave notice of a motion to vacate such judgment, and for a new trial; that on the 16th day of August, 1893, the court vacated such judgment, and granted the defendant a new trial; that in view of such motion, and evidently to enable her to prepare for the further conduct of her defense, the court made an order January 9, 1893, requiring the plaintiff to pay the defendant $50 per month for her maintenance, and the further sum of $150 to her attorney as counsel fees. From this order of January 9th, the plaintiff appealed to this court. The order has been affirmed, so that defendant has or will receive from plaintiff, under the two orders, $450 as counsel fees and $50 per month for her support. Without particularly noticing the statements of the affidavits and counter affidavits as to the ability of plaintiff, it is sufficient to say that there is a very wide discrepancy between them. If we were entirely satisfied of the correctness of defendant's estimate of the value of plaintiff's property and means, we might not hesitate to make her a further allowance. If, on the other hand, we should accept plaintiff's statement as thoroughly candid, we should think defendant was already provided for beyond what plaintiff ought to pay. Defendant, however, so far as this motion goes, is the party asking affirmative relief, and is incumbent on her to show such facts, to the satisfaction of the court, as will entitle her to such relief. If plaintiff is a man of the wealth claimed, it ought not to be difficult to produce more convincing evidence of it than the general opinion or estimate of the defendant. Such opinions are generally unsafe to build judicial decisions upon. The question is a double one, and involves, not only what the wife ought to have, but what the husband ought to pay. Vert v. Vert, (S. D.) 54 N. W. 655. With the evidence so indefinite as to leave us in doubt as to the ·plaintiff's ability to pay even what he has been already required to pay, we are unwilling to go further than the trial court has gone. The application is denied.