**Marjorie A. MOORE, Plaintiff
and Appellant,**

v.

**Frederick M. MOORE, Defendant
and Appellee.**

**No. 14393.**

Supreme Court of South Dakota.

Considered on Briefs May 22, 1984.

Decided Sept. 12, 1984.

Thomas J. Green of Oviatt, Green, Schulz & Roby, Watertown, for plaintiff and appellant.

W.A. Hackett of Austin, Hinderaker & Hackett, Watertown, for defendant and appellee.

FOSHEIM, Chief Justice.

Marjorie Moore (wife) appeals from an order granting Frederick Moore (husband) a reduction in alimony payments and denying wife attorney fees. We affirm in part and reverse in part.

The parties were divorced in 1981. On August 22, 1983, a hearing was held on husband's motion to reduce alimony payments and wife's show cause contempt proceeding.[1] The husband's affidavit claimed and the court found: 1) that husband's income had been reduced by about $60.00 per week; 2) that wife was an unemployed able-bodied woman capable of being gain-

---

1. Husband was in arrearages on his alimony payments, but brought them up to date the day after the hearing. That matter is not before us on this appeal.

fully employed; and, 3) that wife lived in a rent-free apartment. The court reduced wife's alimony by $75.00 per month.

█ Wife claims the trial court abused its discretion by failing to recognize husband's burden of proof on his motion for reduction in alimony payments. She cites *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983), as authority. In *Rousseau*, however, the trial court expressly stated the husband bore no burden of proof. *Id.* There is no indication in *this* record that the trial court misapplied that burden.

Wife also puts misplaced emphasis on her conclusion that husband's October, 1982, income reduction was too remote to be considered. A fair reading of husband's affidavit shows that while his income was first reduced in October, 1982, about ten months before the hearing, his income *continued* to be about $60.00 per week less than it was at the time divorce judgment was entered.[2]

█ The general rule is "the weight of the evidence and the credibility of the witnesses is largely a matter of the trial court's discretion." *Jameson v. Jameson*, 306 N.W.2d 240, 242 (S.D.1981). This court will not disturb the decision of the trial court on questions of alimony and child support absent an abuse of discretion. *Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981). "The term 'abuse of discretion' refers to 'a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Id.* at 918.

█ Even though husband's conclusory allegations regarding wife's ability to be gainfully employed and her living circumstances alone would not support a modification of the decree; *Rousseau, supra,* at 525; in our opinion, he established sufficient specific facts regarding his reduction of income and other circumstances to support the trial court's finding of changed circumstances.

█ Wife next contends the trial court abused its discretion in failing to make any provision whatsoever for her attorney fees. We agree. In her affidavit, wife stated she was unemployed and unable to pay attorney fees, sheriff costs, and other expenses incident to the proceedings. *See Jones v. Jones*, 334 N.W.2d 492, 494 (S.D.1983); *citing Peshek v. Peshek*, 297 N.W.2d 323 (S.D. 1980). Husband, in his affidavit, admitted wife was unemployed. Husband is earning approximately $1,100.00 per month with monthly expenses of approximately $525.00. He was in arrearages on his alimony payments. It took these proceedings to collect the delinquencies. Based on that record, the trial court should have awarded wife her attorney fees. *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979); *Jones, supra* at 495.

The reduction of alimony payments is affirmed. The cause is reversed and remanded to the trial court to determine and allow a reasonable attorney fee based on the factors announced in *Lien, supra.*

Attorney's fees of $500.00 are awarded to wife on this appeal.

MORGAN, J., concurs.

HENDERSON, J., concurs specially.

WOLLMAN, J., concurs in part and dissents in part.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

HENDERSON, Justice (specially concurring).

And what is required, it is begged, to meet the burden of proof ensuring a

---

**2.** Husband's affidavit in support of his motion for reduction of alimony dated March 16, 1983, stated:

That when your affiant returned to work at the Metz Baking Company in October of 1982 he found that his earnings would amount to $6.65 per hour which is considerably less than he was earning when the divorce decree was entered; further, he *no longer gets* the Sunday pay at Metz Baking Company which amounted to $10.00 per week. In other words, your affiant's net earnings *are* between $60.00 and $70.00 less than they were when the judgment was entered." (Emphasis added).

change of circumstances sufficient to warrant a modification, in this case reduction, in alimony payment?

I answer this question as follows: "In a proceeding for modification of alimony ... [the] burden of proving a change in circumstances sufficient to warrant modification is upon the party seeking modification." *Rousseau v. Gesinger*, 330 N.W.2d 522, 525 (S.D.1983). A modification of alimony payments can be made "whenever the trial court in its discretion determines that conditions have changed." *Jameson v. Jameson*, 306 N.W.2d 240, 242 (S.D.1981).

Appellant filed an affidavit herein, supporting her motion to find appellee in contempt of court, essentially alleging only appellee's delinquent alimony payments. She failed to file any answering affidavits to contest appellee's claims about his income, her inclination to seek employment, or her rental arrangement. A hearing was held on August 22, 1983, whereat neither of the parties submitted any testimony. The trial court basically entered its findings consistent with the facts pertinent to appellee's reduction in income.

The trial court acted upon the facts presented. There was a sketchy, as contrasted to heavy, presentation of facts by both parties. There can be no doubt that the trial court reduced appellee's alimony payment by $75 by virtue of a reduction from $250 to $175 based on the evidence that appellee's income had been reduced by $60 to $70 per week. A reduction of $240 to $280 per month is a change of circumstances in itself. When appellant fails to present any evidence by affidavit or otherwise, she is not in a good position to now academically critique appellee's showing. Therefore, as Mr. Chief Justice has written, we should defer to the trial court. When a trial judge is served up some hard facts, he can often hit a home run. If the facts served up take the form of fog balls, they become difficult to hit squarely. When a record like this comes before an appellate tribunal, it is an academic vicissitude to sort right from wrong. However, I am convinced the trial court hit a nice double

considering both showings. Accordingly, I concur.

I further agree on the attorney fees issue.

WOLLMAN, Justice (concurring in part, dissenting in part).

Among the findings entered by the trial court at the time these parties were divorced in August of 1981 was the following:

That the Plaintiff has limited earning capacity, has been removed from the job market for in excess of 20 years, has little business acumen, has limited earning capacity because of her problems with cataracts and vision and has a minimal education and lacks skills which qualify her for employment in the job market.

Appellee's affidavit in support of his motion to reduce the alimony payments stated in part that:

Your affiant further states and shows to the Court that the Plaintiff in this matter is an able-bodied woman capable of being gainfully employed, but she seems to resist steadfastly the temptation to work and support herself.

Based solely upon that unsupported allegation, the trial court found "[t]hat the Plaintiff herein is an able-bodied woman capable of being gainfully employed but is unemployed."

Appellee's affidavit also stated in part "that the Plaintiff in this matter lives in an apartment house owned by her father and your affiant doubts seriously that she pays any rent." Solely on the basis of this speculative allegation the trial court found "[t]hat the Plaintiff herein lives in an apartment owned by her father and does not pay rent."

When faced with an affidavit such as that submitted by appellee, there is no occasion to apply the general rule that the weight of the evidence and the credibility of the witnesses is largely a matter of the trial court's discretion.

I do not believe that we should by way of redaction affirm the trial court's order on

the basis of the findings that are supported by competent evidence. Although redaction may be appropriate when determining whether probable cause is established by an affidavit in support of a search warrant, *see, e.g., United States v. Christine,* 687 F.2d 749 (3rd Cir.1982), and cases cited therein, I would not apply that technique to the circumstances of this case, however, for we simply cannot determine from the face of the findings those which played a pivotal role in causing the trial court to exercise its discretion as it did, in contrast to our determination of the sufficiency of an affidavit to establish probable cause.

I agree with the majority opinion's treatment of the matter of attorney fees.