**Bill J. STRAUB, Plaintiff and Appellant,**

v.

**Elizabeth J. STRAUB, Defendant and Appellee.**

**Nos. 14551, 14561.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1984.

Decided Jan. 29, 1986.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for plaintiff and appellant.

Sidney B. Strange of Strange & Palmer, Sioux Falls, for defendant and appellee.

HENDERSON, Justice (on reassignment).

This is an appeal from the alimony and child support provisions of a judgment and decree of divorce. We affirm in part, reverse in part, and remand.

Bill and Elizabeth Straub were married for twenty-three years. Elizabeth, who dropped out of high school after her soph-

omore year, worked for the first seven years of the marriage as a "repair girl" for a company working on the Apollo space program. At Bill's insistence, she retired when the couple adopted their daughter Lisa in 1968. Elizabeth has not worked outside of the home since that time. She is now fifty-two years old. She plans to move to her hometown, Boston, and seek work following the divorce.

Bill Straub is forty-seven years old. He has pursued a successful career in the meat business. He earned approximately $43,000.00 annually as the sausage superintendent for John Morrell. At the divorce trial, however, he announced that he had resigned from Morrell's and had accepted a job with an Oregon meat firm for $24,-000.00 annually. His net monthly income with the Oregon firm is $1,479.40. Although he thought he may have been in line for a promotion at Morrell's, but there was no guaranty for a promotion, Bill testified that he left Morrell's because there was no opportunity for advancement, he rarely saw his daughter, and had not visited her for fourteen months because he was not allowed to do so; and the Oregon firm offered the chance of ownership in the future.

The trial court granted a divorce to each party on the grounds of extreme emotional cruelty. The property was equally divided. Upon the sale of the home, the parties agree that each should realize approximately $40,000.00. In addition, each was awarded an undivided one-half interest in Hamilton Fund shares valued at $11,587.00, a certificate of deposit amounting to $10,-000.00, and savings bonds totalling $2,418.00.

Custody of Lisa was vested in Elizabeth with liberal visitation rights granted to Bill. Bill was ordered to pay $250.00 per month child support and $1,200.00 per month alimony.

On appeal, Bill agrees that he does have an obligation to support Elizabeth and Lisa, but argues that the amount of alimony and child support ordered is excessive. Elizabeth argues that the awards are appropri-ate and that she should not be penalized because Bill chose to change jobs, thereby reducing his income. Elizabeth has also filed a notice of review, claiming error in the denial of her request for attorney's fees.

■ This court will not not disturb an award of child support or alimony unless it clearly appears that the trial court abused its discretion. *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982). An award of child support must be reasonable and suitable to the child's present situation in life and the father's present financial means and ability to pay. *Fossum v. Fossum*, 374 N.W.2d 100 (S.D.1985); *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979). Under the circumstances of this case, $250.00 per month child support is reasonable.

In awarding alimony, the trial court, though it has broad discretion, must rest its decision upon several factors as they appear material to the facts and circumstances of each specific case. *Krage v. Krage*, 329 N.W.2d 878 (S.D.1983). These factors include the length of the marriage; the respective earning capacity of the parties; their respective financial condition after the property division; their respective age, health, and physical condition; their station in life or social standing; and, the relative fault in the termination of the marriage. *Morrison v. Morrison*, 323 N.W.2d 877 (S.D.1982); *Guindon v. Guindon*, 256 N.W.2d 894 (S.D.1977).

In this case, Bill was ordered to pay $1,200.00 per month alimony. His net monthly income is $1,479.40. After payment of the alimony and child support, he is left with $29.40 per month.

This court does not condone voluntary reduction in income for the express purpose of avoiding alimony and support payments. *See Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981); *Nauman v. Nauman*, 320 N.W.2d 519 (S.D.1982); *Simmons v. Simmons*, 67 S.D. 145, 290 N.W. 319 (1940). There is a vast difference, however, between a disinclination or unwillingness to pay alimony and an inability to pay.

*Kuehn v. Kuehn,* 74 S.D. 521, 55 N.W.2d 70 (1952). Although Bill's career change resulted in a decrease in income, he has never disputed the fact that he has an obligation to support Elizabeth.

While Bill's earning capacity is clearly greater than that of Elizabeth, the trial court's initial alimony award is excessive. Elizabeth appears to be entitled to some alimony. She should not become a public charge. She is fifty-two years old, has a limited education, and remote employment experience. That alimony, however, must be based upon what Elizabeth should have, that is, the reasonableness of her needs, and that which Bill can and ought to pay. *Grant v. Grant,* 5 S.D. 17, 57 N.W. 1130 (1894). Consequently, we reverse the alimony award and remand the case for further proceedings consistent with this opinion. We determine that there was a clear abuse of discretion in this alimony award for Bill's ability to pay that which has been ordered is totally disparate to his income. The discretion exercised by a trial court in awarding alimony must be soundly and substantially based upon the evidence. *Cf. Owen v. Owen,* 351 N.W.2d 139 (S.D.1984).

Finally, Elizabeth argues that she should have been granted $1,979.55 in attorney fees. Such an award rests in the sound discretion of the trial court, *Rykhus, supra,* and we conclude there was no abuse of discretion. Her request for $1,000.00 for appellate attorney fees is also denied. *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D. 1985).

Affirmed in part, reversed in part, remanded.

WUEST, J., concurs.

FOSHEIM, C.J., and MORGAN, J., concur specially.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.

FOSHEIM, Chief Justice (concurring specially).

I agree with the plurality that the case should be remanded for a redetermination of a just alimony award. However, it must be emphasized that one of the factors to be considered is the parties' respective earning *capacity,* not present income. *Hanks v. Hanks,* 296 N.W.2d 523, 527 (S.D.1980). This factor, coupled with the parties' respective financial condition after the property division; age, health, and physical condition; station in life; and fault in the termination of the marriage cogently leads to the conclusion that Elizabeth should not bear the brunt of Bill's switch to a lesser paying job. *Id; Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D. 1981).

MORGAN, Justice (concurring specially).

I join in the special concurrence of the Chief Justice. It appears that Bill changed his job at a rather inopportune time. As the trial court noted in its findings of fact, "plaintiff was attempting to have his income reduced when he knew the defendant and the minor child were requiring his best financial efforts." The reason that he quit his $43,000 job to take the $24,000 job was the opportunity to work into ownership, which is obviously an additional consideration to Bill over and above his present income.

I agree that the alimony award requires some modification, but not based solely on Bill's present income.