**Thomas O. WILSON, Plaintiff and Appellant,**

v.

**Delphia A. WILSON, Defendant and Appellee.**

No. 15133.

Supreme Court of South Dakota.

Considered on Briefs April 23, 1986.

Decided Jan. 21, 1987.

George J. Rice of Rice & Bowen, Aberdeen, for plaintiff and appellant.

Lonald L. Gellhaus of Williams & Gellhaus, Aberdeen, for defendant and appellee.

SABERS, Justice.

Thomas O. Wilson (husband) appeals from an order denying his motion to reduce the amount of alimony he is required to pay Delphia Wilson (wife) pursuant to their judgment and decree of divorce. We affirm.

## 1. FACTS

Husband and wife were divorced in 1980 after twelve years of marriage. Wife was granted the divorce because of husband's physical abuse and liaison with a younger woman.

At the time of the divorce, husband, a college graduate, was fifty-eight years old and in good health. He earned $30,000 working for the BIA. Wife, a high school graduate, was fifty-seven years old and suffered from various ailments she controlled by medication. During the marriage she worked in several clerical positions.

Neither party came to the marriage with any assets. They accumulated a net worth of $121,637.65, primarily in rental estate. The trial court divided the bulk of the personal property and automobiles (approximately $25,000) between the parties. Husband was awarded all of the remaining personal property, bank accounts, and real property subject to any encumbrances of record. He was to pay all marital debts. As part of the property division, wife was awarded $16,000, payable $2,000 plus interest per year. In addition, she was awarded monthly alimony of $595, payable at the rate of $275 every two weeks.

In 1985, husband sought to reduce the alimony award because he had retired. His monthly retirement income was $1,100; his prior monthly income was $1,646. He had recently remarried a woman who received $600 per month retirement income. He had retained and was renting the real estate that he received from the property division, although he had placed the property on the market. Wife contended that she was unemployed and dependent on the alimony award. The trial court denied husband's motion to reduce the amount of alimony.

## 2. HUSBAND'S CONTENTIONS

Husband contends that 1) the trial court abused its discretion by failing to reduce his alimony payments since his income has been reduced by one-third and his alimony obligation constitutes one-half of his retirement income, and 2) alimony payments should be reduced to one-third of his income in accordance with the alimony/income ratio originally established by the trial court.

## 3. MODIFICATION OF ALIMONY

■ To warrant a modification of an alimony award, there must be a change of circumstances. *Wegner v. Wegner*, 391 N.W.2d 690 (S.D.1986). The burden of proving a change in circumstances sufficient to justify modification of an alimony award is upon the party seeking modification. *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983). This court will not disturb the decision of the trial court on a question of alimony absent an abuse of discretion. *Moore v. Moore*, 354 N.W.2d 732 (S.D. 1984).

This court has considered whether a reduction of the obligor spouse's income necessitates a reduction of alimony to the dependent spouse in three recent cases. In *Moore, supra*, at 733, we affirmed a reduction of alimony payments where the obligor spouse established "sufficient specific facts regarding his reduction of income and other circumstances to support ... changed circumstances" and the dependent spouse

failed to contest any of the obligor spouse's claims about his income, her employability or her rental arrangement. In *Lambertz v. Lambertz*, 375 N.W.2d 645, 647 (S.D.1985), we ordered a reduction of alimony in a case where the obligor spouse's income had been reduced by half and he was financially unable to pay the amount of alimony originally ordered. The trial court, on remand, was ordered to reduce the alimony "based upon the needs of [the dependent spouse] and the financial ability of [the obligor spouse]." Finally, in *Lampert v. Lampert*, 388 N.W.2d 899 (S.D.1986), illness reduced the obligor spouse's income by forty-one percent. Because the obligor spouse still had sufficient funds to pay the alimony and because the dependent spouse needed the money to meet ordinary expenses, we affirmed the order denying a reduction in alimony.

■ This situation is similar to *Lampert*. Husband merely alleged that alimony should be reduced because his income was reduced. There was no showing that he was unable to pay the original alimony award from this reduced income or the income generated from the substantial award of rental property he received in the property division. Nor was there any showing that wife's need for alimony had decreased; indeed, her affidavit recites that she is dependent upon alimony. Without a "complete detailed financial position," *Lampert, supra*, at 903, relief may not be granted. Standing alone, husband's mere reduction in income does not mandate a reduction in alimony.

In view of all the facts and circumstances of this case we hold that the trial court did not abuse its discretion by denying husband's motion to reduce alimony. Accordingly, we need not reach husband's second contention.

Affirmed.

WUEST, C.J., MORGAN, J., and FOSHEIM, Retired Justice, concur.

HENDERSON, J., dissents.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

HENDERSON, Justice (dissenting).

In the Memorandum Decision of June 18, 1985, and the Order of Denial dated July 31, 1985, the trial court issued a conclusory statement that the plaintiff failed to establish sufficient facts for modification.

Not one place in either the said Memorandum Decision or Order of Denial has the trial court set forth any facts, circumstances, testimony, proofs, or piercing/perceptive viewpoints on the factual background of this case. Thus, the Supreme Court, of necessity, must independently review the proof below which consisted of:

(a) Ex-husband's affidavit in support of his Motion for issuance of an Order to Show Cause to modify alimony,

(b) ex-wife's affidavit, and

(c) the hearing at the order to show cause wherein ex-husband testified and ex-wife did not.

Ex-husband is entitled to a reduction of alimony payments because he has established, in the showings recited above, "sufficient specific facts regarding his reduction of income and other circumstances to support ... changed circumstances." *Moore v. Moore*, 354 N.W.2d 732, 733 (S.D. 1984). There can be no doubt that the uncontested testimony reflects that ex-husband's income is a Social Security check of $462.00, $68.00 per month Hormel retirement check (upon which taxes must be paid); and a $580.00 civil service retirement check. These three sources aggregate $1,110.00 monthly.

Ex-husband is now required to pay over one-half of his total net income by virtue of being required to pay $595.00 per month alimony unto his ex-wife. This is lopsided justice and deserves remedial action. Ex-wife's affidavit was skeleton-like and sounded as a general denial except for three salient points: (1) she admits her ex-husband is on retirement; (2) she says she is unemployed (but does not say why)

and is totally dependent upon alimony; and (3) she notes that her ex-husband is remarried and she assumes he has other income by virtue of his remarriage, but recites not one fact to back it up.

During testimony at the show cause hearing, counsel for the ex-wife placed great emphasis, through cross-examination, on his new wife's retirement income of $600.00. Apparently, ex-wife's legal point is: Ex-husband's new wife should pay his alimony out of her retirement. This cannot and should not be. She owes no duty under the law to pay her husband's alimony out of her retirement and thus wipe out the fruits of her lifetime labor.

Ex-husband testified that his income is substantially less now; this is a changed circumstance. He also testified that he pays household expenses "to the extent that I can," meaning that he was having a difficult time in taking care of the expenses of his household. Ex-husband also testified that his income was used up "entirely." And he further testified that his income did not meet all of the expenses. Ex-wife did not contravene this evidence. It is true that during cross-examination his income—but gross income—from rental property came before the court. However, the uncontradicted and only testimony in the record was that the rental property had been "a loss" and there was a "negative cash flow."

Is it fair that one-half of his entire retirement income now go to alimony? The trial court and the Supreme Court says so; I say not. It is unfair, unjust, and inequitable. Ex-husband has met his burden of proof in showing not only a change of circumstances but here establishes a strong and substantial change of circumstances. Prior to retirement, he received $823.00 bimonthly from employment by the Bureau of Indian Affairs. Therefore, the trial court abused its discretion in this case by awarding over one-half of a man's retirement income to his ex-wife. *See Straub v. Straub*, 381 N.W.2d 260, 261 (S.D.1986) (citing *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982)); *Owen v. Owen*,

351 N.W.2d 139, 141 (S.D.1984) (where we noted that "[t]he trial court's discretion is ... very broad; it is not, however, uncontrolled.") Trial court decisions "must soundly and substantially be based upon testimony and evidence." *Id. Krage v. Krage*, 329 N.W.2d 878, 879 (S.D.1983). It is unrealistic and truculent to compel any human being to pay over one-half of his or her net income via alimony payments during the twilight of their life when, for the first time, that person is expecting some rest, peace, and security; and, particularly, where it is established that the retirement income is being used up "entirely"; and, further, where household expenses are being met to the extent that the retirement income can reach. We are not dealing with Hollywood characters in South Dakota. We are an economically poor state where deprivation of a meager net income can plummet a party to the poverty level. *See State v. Auen*, 342 N.W.2d 236, 240 (S.D. 1984) (Henderson, J., dissenting). Awards of unjustified alimony, paid against a person's will and reducing a person's income to a poverty level, diminishes the nobility of spirit which all men and women are entitled to have as a member of the human race.

Reference is made to my concurrence in part, dissent in part in *Cole v. Cole*, 384 N.W.2d 312, 318 (S.D.1986), which sets forth, *in extenso*, this author's viewpoints on the state of the law concerning alimony in South Dakota.

It is my opinion that the trial court and this Court have erroneously failed to recognize any change of circumstance at the time of hearing on the motion to modify the alimony. Surely, a change of circumstances in a reduction from $1,646.00 per month to $1,110.00 per month is such a change of circumstance that it warrants modification of alimony. Illness meant nothing, even if it meant the possible acceleration of the death of a doctor, in reducing alimony in the case of *Lampert v. Lampert*, 388 N.W.2d 899, 904 (S.D.1986) (Henderson, J., dissenting). To use that case as authority to predicate a decision herein is to simply compound error and inequity. It is wrong begetting more wrong. Here, a tremendous reduction by virtue of retirement also, apparently, means nothing.

I hearken to some enlightening and penetrating words of Justice Kellam back in 1893, wherein he expressed:

> To justify the court in modifying its former judgment, it should undoubtedly be satisfied that it is passing upon a different state of facts than those already adjudicated upon; but what degree of change is essential to constitute a different state of facts must in general be addressed to the judicial discretion and judgment of the trial court, the inquiry being whether sufficient cause has intervened since its former judgment to authorize or require the court applying equitable rules and principles to change the allowance.

*Vert v. Vert*, 3 S.D. 619, 622, 54 N.W. 655, 655 (1893). *Accord: Guinter v. Guinter*, 72 S.D. 554, 37 N.W.2d 452 (1949). There has been a clear abuse of discretion by the trial court, and this Court, under SDCL 25–4–46, should revise this alimony on appeal; or, reverse or remand, directing the trial court to reduce the alimony award. Sufficient cause has intervened since the former judgment was entered which would require the court to apply equitable rules and principles. Emend. Emend. We must emend and rectify, lest unjustifiable alimony become a way of life rather than honest toil. *See Connelly v. Connelly*, 362 N.W.2d 91, 98 (S.D.1985) (Henderson, J., dissenting).

The South Dakota Constitution, Article V, § 2, creates this Court and establishes a chief justice and four associate justices. By virtue of seating five individuals on this Court, our state constitution is thereby allowing the independent evaluation of the character of justice, and we are thus drawn to a broader understanding of liberty and economic justice for both men and women. As I perceive no economic justice here, I respectfully dissent to the majority opinion.