James E. WRIGHT, Plaintiff
and Appellee,

v.

Phyllis M. WRIGHT, Defendant
and Appellant.

No. 15973.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1988.

Decided Aug. 10, 1988.

Rehearing Denied Sept. 13, 1988.

John H. Shepard of Morman, Smit, Shepard & Hughes, Sturgis, for plaintiff and appellee.

Leroy Hill of Leroy Hill Law Offices, Belle Fourche, for defendant and appellant.

MORGAN, Justice.

Appellant Phyllis Wright (Phyllis) appeals from the trial court's decision denying modification of alimony in her favor. We affirm.

The parties were divorced in Lawrence County, South Dakota, on May 8, 1981, after thirty-five years of marriage. At the time of the divorce the husband, James Wright (James), was a retired Colonel from the United States Army Chaplain Corps. The divorce decree adopted and incorporated a property settlement agreement between the parties, which provided for alimony payments to Phyllis in the amount of $675 per month until such time as Phyllis should remarry. Nine months after the divorce, James sought relief from such alimony payments based on a decision of the United States Supreme Court, *McCarty, v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), handed down a few months after the divorce decree was entered. *McCarty* held that military retirement pay could not be considered marital property under state laws because that would interfere with the military goal of encouraging early retirement and maintaining a youthful force. James argued that the alimony provision in the divorce decree had included his military retirement pay and should be reduced proportionally. In February of 1983, while the motion for reduction was pending, Congress passed the Uniform Services Former Spouses Protection Act (Spouses Protection Act), 10 U.S.C. § 1408(c)(1) (1983), which allows military retirement pay to be included as a marital asset.

On May 5, 1983, the trial court entered a modification of the divorce decree, ordering that James pay Phyllis $400 per month alimony for a period of five years. In doing so, the trial court held that the Spouses Protection Act did not have retroactive effect to the date of the divorce decree and, therefore, the military retirement pay should not have been included as a marital asset for the purpose of setting alimony.

From this decision, Phyllis filed a notice of appeal. Subsequently, the parties entered into a stipulation whereby the pending appeal would be dismissed, the alimony would remain at $400 per month to terminate in five years, and "both parties can petition the court to reconsider the issue of alimony based on the circumstances of both parties as of that time." The pending appeal was dismissed with prejudice by this court.

In June of 1987, Phyllis initiated a motion for modification of the alimony, based on an alleged change of circumstances and on the misapplication of *McCarty, supra,* and the Spouses Protection Act. The trial court denied relief, finding no change of circumstances. This appeal followed.

Phyllis raises two issues: whether the trial court erred in failing to modify the alimony award based on the current understanding of the retroactivity of the Spouses Protection Act; and, whether the trial court abused its discretion in failing to find evidence to support a change of circumstances sufficient to justify a modification of alimony.

■ We first determine that the propriety of the trial court's decision on the Spouses Protection Act in the 1983 decision is not properly before us. That was a proper issue in the appeal that Phyllis initiated at that time. But that appeal was dismissed pursuant to stipulation and the issue cannot now be resurrected.

■ We then examine the second issue. To justify a modification of alimony payments, there must be a change of circumstances. *Wilson v. Wilson,* 399 N.W. 2d 890 (S.D.1987); *Wegner v. Wegner,* 391 N.W.2d 690 (S.D.1986); *Lampert v. Lampert,* 388 N.W.2d 899 (S.D.1986); *Moller v. Moller,* 356 N.W.2d 909 (S.D.1984); *Herndon v. Herndon,* 305 N.W.2d 917 (S.D. 1981). The burden of proving a change in circumstances sufficient to justify modification of an alimony award is upon the party seeking modification. *Wegner, supra.* See *Wilson, supra; Lampert, supra; Rousseau v. Gesinger,* 330 N.W.2d 522 (S.D.1983). This court will not disturb the decision of a trial court regarding modification of alimony unless there is an abuse of discretion. *Wilson, supra; Wegner, supra; Lampert, supra; Moller, supra; Herndon, supra.*

■ Upon a full review of the record and the findings of fact and conclusions of law entered by the trial court, we find that, in accordance with *Wilson, supra,* the court considered the needs of Phyllis and the financial ability of James. The trial court was in possession of full financial evidence from both parties and concluded there had been no change of circumstances sufficient to justify a modification of alimony. We find no abuse of discretion.

Affirmed.

WUEST, C.J., concurs.

HENDERSON, J., concurs specially.

SABERS, J., dissents.

MILLER, J., deeming himself disqualified did not participate in this decision.

HENDERSON, Justice (specially concurring).

I concur.

## ISSUE I

Appellant, throughout the thread of her brief and her showing at circuit court level, would have this Court "go behind" an appeal which was dismissed with prejudice over five years ago. This cannot be. By abandoning her appeal, she abandoned all arguments with it. Furthermore, Appellant is trying to renege on her stipulation because she elected to not pursue her ap-

peal, opting for a sum certain of alimony for five years.

## ISSUE II

This brings us to the question of determining whether or not further alimony is to be awarded appellant based on present circumstances of the parties. Evidence, in form of affidavits of the parties, disclosed the financial condition of both parties as of the Summer of 1987, plus all property holdings of the parties at that time.

The trial court considered the various cases set forth in the majority opinion, which is obvious from its memorandum opinion and ultimate judgment herein. His Honor decided to simply make the parties comply with their stipulation. Lest the equitable aspect of this case be overlooked, I feel it is my duty to point out that Appellant has an annual salary of approximately $13,000; she has health insurance provided; she receives benefits as a former military dependent which include medical coverage, hospitalization coverage, commissary privileges, and post-exchange privileges. During the Summer of 1987, she possessed/owned $20,000 in certificates of deposit. She further possessed a one-half interest in a recreational cabin in the Black Hills. She also had a reversionary interest in an 80–acre farm in the State of Illinois. She lives with her mother in Illinois, paying nominal rent, the same rent as she was paying back in 1982. In 1982, she was a bookkeeper at Ace Hardware in Kankakee, Illinois, and she still is so employed, although her salary has increased. According to the circumstances before the trial court, Appellant kept her assets substantially intact after the divorce. No one doubts that she has excellent health. She is able to make a living in life without benefit of an alimony award.* On the other hand, the retired minister's assets had dissipated since 1982. He lost his equity in a home in Columbus, Nebraska, and he owes between $55,000 and $60,000 via a mortgage to a bank. There is no equity in this home. His housing allowance was no different, monetarily, in 1982 than in the Summer of 1987. The trial court was faced with the fact that the minister's assets diminished and this obviously influenced the trial court to discontinue alimony. When the trial court reviewed the affidavits on file, it was noted that Appellant was again presenting, essentially, the same state of facts as presented in the 1982–1983 litigation.

Appellant seeks relief upon facts and claims which previously were decided. This she cannot do. *Black Hills Jewelry Mfg. Co. v. Felco Jewel Indus., Inc.,* 336 N.W.2d 153 (S.D.1983).

As for this appeal from an order which declines a further modification of an alimony award, our scope of review is abuse of discretion. *Moore v. Moore,* 354 N.W.2d 732 (S.D.1984). None exists.

I believe that it is my duty to point out that this minister of the Gospel should not be portrayed as a man with an unbenevolent heart, in that (a) the parties originally arrived at a property settlement agreement and alimony to be paid, (b) the minister kept his share of the bargain, (c) at the time of the settlement, each party received approximately $19,000 in liquid assets, and (d) each party received fifty percent of all property including the assets of the marital home, which was sold. Therefore, as she has been treated justly in the law ab initio, I join the majority's opinion.

SABERS, Justice (dissenting).

I respectfully dissent.

The settlement of the appeal in 1983 was based on $400 per month alimony until June 1987, and it permitted either side to petition the court based on circumstances of June 1987. Paragraph 3 of the agreement provided:

* For collection of writings of this author on alimony for nearly a decade, *see Baltzer v. Baltzer,* 422 N.W.2d 584, 589–91 (S.D.1988) (Henderson, J., concurring specially). *See also Straub v. Straub,* 381 N.W.2d 260, 262 (S.D.1986), for rea-

sonableness of needs and that amount which the ex-husband can and ought to pay as criteria (citing *Grant v. Grant,* 5 S.D. 17, 57 N.W. 1130 (1894)).

Both parties to this agreement agree that during the month of June, 1987, either or both parties can petition the Court to reconsider the issue of alimony based on the circumstances of both parties as of that time.

The need for showing a change of circumstances was contracted away. Under the agreement, no change of circumstances is necessary to justify alimony payments. The cases cited in the majority opinion on that point do not apply. Therefore, the trial court's refusal to award alimony was an abuse of discretion under these circumstances.

The circumstances are: James Wright, as a retired Reverend/Colonel receives a vested, matured military pension of more than $19,000 per year, a military disability allotment, and a salary and substantial fringe benefits from his present employment as a minister. In contrast, Phyllis, an ex-spouse of thirty-five years, has only a weekly wage, no fringe benefits, and no pensions. Additionally, she must rely on a meager $135 per month social security payment upon retirement.

Phyllis' closing argument is persuasive:

Even though the Reverend/Colonel fails to meet his biblical obligations as set forth in the Book of Malachi, Chapter 2, Verse 15: "Do not treat unjustly the wife of your youth." Phyllis asks this Court to follow the law of the land ... [so that she will not end] up a burden on society, ... because of judicial error.

I would follow the law of the land, and require James Wright to treat the wife of his youth justly so that she does not end up a burden on ·society because of judicial error. I would reverse and remand to the trial court to award alimony in some proper amount. *Temple v. Temple,* 365 N.W.2d 561 (S.D.1985).