David R. HORTON, Plaintiff
and Appellee,

v.

Barbara A. HORTON, Defendant
and Appellant.

Nos. 17807, 17819.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1993.

Decided July 7, 1993.

Chris A. Nipe of Larson and Nipe Mitchell, for plaintiff and appellee.

Jack Theeler of Morgan, Theeler, Cogley & Petersen, Pamela Bollweg, Legal Intern, Morgan, Theeler, Cogley & Petersen, Mitchell, for defendant and appellant.

LOVRIEN, Circuit Judge.

This is an appeal and cross-appeal from an order reducing but not eliminating the payment of alimony. We affirm.

## PROCEDURAL HISTORY

David Horton, (David), and Barbara Horton, (Barbara), were divorced in 1987. The original judgment and decree of divorce, and the two amended decrees of divorce later entered by stipulation of the parties, all required David to pay alimony to Barbara and to carry life insurance, naming Barbara as the beneficiary, as security for that obligation.

On May 20, 1991, David served Barbara with a motion for reduction in alimony. At the time of the motion, David was paying Barbara alimony in the amount of $1,200 per month and carrying life insurance in the amount of $125,000. Ten days later Barbara filed an affidavit in resistance to the motion. A hearing on the motion was held the next day. On August 21, 1991, the trial court issued its memorandum opinion granting a reduction in alimony to $600 per month. The required amount of life insurance was also proportionately decreased.

Barbara appealed the trial court's reduction in alimony claiming the circuit court erred in (1) considering a physician's affidavit as evidence of David's health, (2) admitting evidence of David's financial condition which Barbara claims was incomplete and therefore unfairly prejudicial, and (3) finding that David met his burden for a reduction in alimony. David cross-appealed claiming the trial court erred in refusing to eliminate alimony entirely. We affirm the decision of the trial court.

## DECISION

1. DID THE TRIAL COURT ERR WHEN IT CONSIDERED A PHYSICIAN'S AFFIDAVIT AS EVIDENCE OF THE DAVID'S HEALTH?

In support of his motion for reduction of alimony, David attached a one page affidavit from his physician. In this affidavit, the doctor summarized David's past medical history and his present medical condition. The doctor also recited his advice to David: to try to refrain from any strenuous activity, not to engage in any type of activity which would be more stressful to him, to take life easy, and to continue his medications.

Barbara claims that the physician's affidavit should not have been admitted and that the physician's testimony should have been by deposition because Barbara was denied an opportunity for cross-examination.

Both attorneys made reference to the affidavit during the examination of David at the hearing. On direct examination, David's attorney referred to the affidavit in asking David whether he had some heart problems at the beginning of 1988. David was then asked, without objection, about his current condition.

On cross-examination, David was questioned in more detail about his medical condition. He was then asked by Barbara's attorney if his condition was about the same as in 1987 when the parties were last in court. David testified his condition

was worse. He was then asked if he had a doctor saying that. David testified that he did and made reference to the affidavit. He was then cross-examined about the affidavit and whether he had been told by his doctor not to do strenuous activity. David testified that he had been told by his doctor to slow down because that is where the stress was coming from.

At this point in the cross-examination of David, Barbara objected to the use of the physician's affidavit claiming it put the court "in a position it shouldn't be in by taking an affidavit of a doctor without any explanation by testimony or cross-examination as to what is meant." The trial court did not sustain the objection.

Barbara's attorney then questioned David about his physical activities and whether his health was essentially the same between 1987 and 1991. David testified that part of his heart was now completely blocked. He also testified as to the higher doses of medication he now required.

Later in the hearing, before presenting her evidence, Barbara again objected to the use of the physician's affidavit on the basis of lack of foundation and lack of opportunity to cross-examine. The trial court overruled the objection.

A careful review of the record reveals that the affidavit was never offered as an exhibit in the case. It was never admitted in evidence. But since it was attached to David's motion in support thereof we will assume that the trial court considered it in reaching a decision. Given the facts in this case, we do not find that the trial court erred in considering the affidavit.

■ It is clear that the rules of evidence apply at a hearing on a motion for the reduction of alimony. SDCL 19-9-14. The rules of evidence afford three methods of taking testimony of witnesses: (1) by affidavit; (2) by deposition; or (3) by oral examination. SDCL 19-3-1.

The use of affidavits is covered by SDCL 19-4-2:

An affidavit may be used to verify a pleading, to prove the service of a summons, notice, or other process in an action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law.

In addition, SDCL 15-6-43(e) provides: When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

■ In *Dixon v. Dixon*, 423 N.W.2d 507, 510 (S.D.1988), we considered the provisions of SDCL 15-6-43(e) and concluded that the admissibility of affidavits rests within the trial court's discretion. We noted that modification of support issues, which generally involve a showing of change in need or ability to pay, may properly be heard by affidavit. *Id.* at 512. For the same reasons, issues dealing with alimony and attorney fees may be determined in such manner. *Id. citing McAlister v. McAlister*, 14 N.C.App. 159, 187 S.E.2d 449 (1972); *Miller v. Miller*, 270 N.C. 140, 153 S.E.2d 854 (1967). We concluded that it is within the trial court's discretion to admit depositions or oral testimony in addition to affidavits. 56 Am.Jur.2d *Motions, Rules, and Order* §§ 22-25 (1971).

■ However, while we conclude that the trial court is vested with this discretion, we again caution, as we did in *Dixon*, that a trial court would probably abuse its discretion if it used affidavits as a means of determining *contested* facts. As we stated in *Dixon*, "Affidavits are unsatisfactory as forms of evidence; they are not subject to cross-examination, combine facts and conclusions and, unintentionally or sometimes even intentionally, may omit important facts or give a distorted picture of them." *Dixon*, 423 N.W.2d at 510, *citing Brewster v. F.C. Russell Co.*, 78 S.D. 129, 99 N.W.2d 42 (1959). In exercising this discretion, a trial court must be cautious to prevent a circumvention of justice. *Dixon*, 423 N.W.2d at 510.

Here the trial court did not abuse its discretion by considering the physician's

affidavit because (1) the matters set forth in the physician's affidavit did not involve contested facts, and (2) the trial court's findings on the disputed facts arose solely and exclusively from live testimony.

Fairly summarized, the physician's affidavit only described David's 1979 heart bypass, the failed 1986 angioplasty, David's medication and the physician's statement to David to refrain from strenuous activity and to take life easy. The affidavit did not state that David's medical condition had substantially changed since the 1987 divorce settlement. In addition, in Barbara's written resistance to the affidavit, she did not dispute any fact in the physician's affidavit.[1]

The two findings of fact made by the trial court concerning David's medical condition did not involve findings of disputed fact arising from the affidavit. In its findings of fact, the trial court found that David's physical condition had continued to deteriorate since alimony was first set and that David had been told to slow down by his doctor. These findings are supported by David's testimony alone without reference to the physician's affidavit. The affidavit in this case simply supplemented David's own testimony as to his health. The trial court's consideration of the physician's affidavit in this case was not an abuse of discretion.

## 2. DID THE TRIAL COURT ERR WHEN IT ADMITTED EVIDENCE OF DAVID'S FINANCIAL CONDITION THAT BARBARA CLAIMS WAS INCOMPLETE AND THEREFORE UNFAIRLY PREJUDICIAL?

At the hearing, David was asked whether a draft copy of his 1990 federal income tax return was a correct reflection of his 1990 income. The trial court allowed David to answer the question over Barbara's general objection, her objection that the draft copy was not a complete tax return and her objection that it was not the best evidence. David later offered in evidence the draft copy of his 1990 tax return. The draft copy of the 1990 tax return was received over Barbara's objection that the exhibit lacked foundation. David also offered a progress report from his employer. This document showed the income David had earned thus far in 1991 and compared it to income earned over the same period the previous year. The exhibit was received over Barbara's objection of lack of foundation and materiality.

Barbara now claims that the trial court erred in receiving this evidence because it was incomplete and unsupported and therefore was "unfairly prejudicial" under SDCL 19–12–3. SDCL 19–12–3 provides for the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

■ We note that Barbara did not object on this basis at trial. She first raised this specific objection on appeal. We have long held that to preserve an issue for appeal concerning the admissibility of evidence, a timely objection or motion to strike must appear on the record stating the specific ground of objection if not apparent from the context. SDCL 19–9–3(1)[2]; *State v. Rufener*, 392 N.W.2d 424, 427 (S.D.1986); *Bright v. Ecker*, 9 S.D. 449, 69 N.W. 824 (1897).

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or
(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which the questions were asked.

---

1. We would also note that Barbara's proposed findings of fact and conclusions of law did not propose any findings of fact which disputed any of the facts contained in the physician's affidavit.

In addition, Barbara did not argue in her appellate brief that any of the medical evidence contained in the affidavit was in dispute or was untrue. On the contrary, she merely argued that she was deprived of the right to cross-examine the physician.

2. SDCL 19–9–3 provides:

We have held that the reason for the rule is to enable the trial judge to understand the precise question upon which he has to rule, to relieve him of the burden of searching for the basis of the objection, and to afford the opposing party an opportunity to obviate the objection. *Rufener*, 392 N.W.2d at 427; *Bright*, 69 N.W. at 824.

■ We do not believe that the objections to this evidence made by Barbara at trial allow her to argue on appeal that the evidence is inadmissible under SDCL 19–12–3. Barbara has not preserved this issue for appeal.

■ However, even if Barbara has preserved the issue for appeal, we do not conclude that the trial court erred in admitting this evidence of David's financial condition. In relying on SDCL 19–12–3, Barbara must show that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, not simply that the evidence is incomplete or unsupported.

The trial court is vested with discretion in making a probative/prejudicial determination. Absent an abuse of discretion this Court will not disturb that finding. *State v. Grooms*, 399 N.W.2d 358, 361 (S.D.1987); *State v. Means*, 363 N.W.2d 565, 568 (S.D. 1985). We cannot conclude from the record that the trial court was confused or misled by the evidence [3]. We therefore do not find an abuse of discretion by the trial court.

3. DID THE TRIAL COURT ERR WHEN IT FOUND THAT DAVID MET HIS BURDEN FOR A REDUCTION IN ALIMONY?

■ The trial court has broad discretion in determining an alimony award and this Court will not set it aside unless it clearly appears that the trial court abused its discretion. *Lampert v. Lampert*, 388 N.W.2d

899, 902 (S.D.1986); *Cole v. Cole*, 384 N.W.2d 312, 315–316 (S.D.1986), *citing Goehry v. Goehry*, 354 N.W.2d 192, 194 (S.D.1984); *Krage v. Krage*, 329 N.W.2d 878 (S.D.1983); *Palmer v. Palmer*, 316 N.W.2d 631 (S.D.1982).

An "abuse of discretion" refers to "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Herndon v. Herndon*, 305 N.W.2d 917, 918 (S.D.1981), *citing Root v. Bingham*, 26 S.D. 118, 128 N.W. 132, 133 (1910).

■ To justify a change in alimony payments there must merely be a change of circumstances from the circumstances which existed at the time of the original decree. *Paradeis v. Paradeis*, 461 N.W.2d 135, 137 (S.D.1990), *citing Foley v. Foley*, 429 N.W.2d 42 (S.D.1988); *see also Lambertz v. Lambertz*, 375 N.W.2d 645, 646 (S.D.1985), *citing Moller v. Moller*, 356 N.W.2d 909 (S.D.1984); *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983); *Herndon*, 305 N.W.2d at 918. A substantial change of circumstances is not applicable in a proceeding for modification of alimony. *Lambertz*, 375 N.W.2d at 646. The burden of proving a change in circumstances is on the party seeking modification. *Paradeis*, 461 N.W.2d at 137, *citing Wegner v. Wegner*, 391 N.W.2d 690 (S.D.1986); *Rousseau*, 330 N.W.2d at 525.

Barbara contends that the trial court erred in finding a change in circumstances without a showing of the complete, detailed, financial position of David. Barbara cites *Lampert* and *Wilson v. Wilson*, 399 N.W.2d 890 (S.D.1987) as requiring a showing by David of his complete, detailed, financial position before the trial court can find a change of circumstances that would justify a reduction in alimony.

We do not believe that either *Lampert* or *Wilson* imposes this requirement on David.

---

**3.** In fact, during final argument, David, through his attorney, offered to furnish the court with a full copy of the 1990 income tax return when it was completed and to comply with whatever deadline the court set for that. If the draft copy of the 1990 income tax return was as incomplete and misleading as Barbara would now

have us believe, it would seem reasonable that Barbara would have insisted that the court order the production of the completed return and would have requested that the court withhold judgment until it was produced. Barbara made no such request.

In each case cited, the husband claimed that alimony should be reduced because his income was reduced. However husband neither showed that he was unable to pay the original alimony award nor that wife's need for alimony had decreased. The sole reason given in each case to justify a reduction of alimony was a reduction in income.

We held that a party who seeks reduction in alimony based *solely* on a claimed reduction in income must prove (1) his inability to pay the original alimony award by producing complete and detailed evidence of his financial position and (2) the other party's decreased need for alimony. A mere reduction of income, by itself, was held not to be a sufficient change in circumstances to justify a reduction in alimony. *Wilson*, 399 N.W.2d at 891.

 In the case before us, David did not rely merely on a reduction of income as the basis for claiming a change in circumstances. Evidence was presented that since the time of the previous agreement between the parties:

1. David's physical condition had continued to deteriorate. He testified that his heart condition had not improved, that he was on new medication for his heart condition and that he took an increased dosage of his original heart medication. David had been told by his doctor to slow down, to take life easy and to refrain from any form of strenuous activity. David, who in 1987 had been doing a lot of walking for exercise, testified that by 1991 he hardly did any because he was no longer able to do so.

2. David's income had decreased substantially since 1987. In 1987, his income was $170,000 to $190,000 but by 1990 David's taxable income was approximately $17,827. David's employment had changed from employee to independent contractor also causing a reduction in his disposable income due to increased self-employment taxes.

3. Barbara completed her education and training as a nurse in June of 1990. Her income increased significantly at that time. She was making $14 per hour at McKennan Hospital in Sioux Falls at the beginning of 1991. She then voluntarily quit work at McKennan Hospital to work at Saint Joseph's Hospital in Mitchell for around $11 per hour.

After weighing all these factors, the trial court found a change in circumstances as to David's health, his ability to pay, Barbara's education, employment, and her need for alimony. The trial court ordered a reduction, but not elimination, of alimony. The evidence before the trial court supported the findings, conclusions, and order of the court requiring David to continue to pay alimony, but at the reduced rate of $600 per month. We do not find the trial court's decision to be clearly erroneous nor an abuse of discretion, *Wilson*, 399 N.W.2d at 891, *citing Moore v. Moore*, 354 N.W.2d 732 (S.D.1984).

We have considered the other issues raised by Barbara and find them to be without merit.

## CONCLUSION

The trial court is affirmed on the appeal of Barbara as to the trial court's reduction of alimony and life insurance and on the cross-appeal of David as to the trial court's refusal to end alimony entirely. Each party petitions this court for an award of costs and attorneys fees. While each party has succeeded in part on appeal, neither party has succeeded entirely. Accordingly each party will be responsible for his or her own costs and attorney fees.

HENDERSON, J., and ZINTER, Circuit Judge, concur.

MILLER, C.J., and SABERS, J., dissent.

LOVRIEN, Circuit Judge, for WUEST, J., disqualified.

ZINTER, Circuit Judge, for AMUNDSON, J., disqualified.

SABERS, Justice (dissenting).

The original divorce decree required alimony payments in excess of $3,000 per month, secured by life insurance. As a result of an appellate settlement conference, the monthly payments were reduced

by stipulation to approximately $1,600. This was done by an Amended Decree dated May 13, 1988.

Now, the trial court has ordered a reduction in alimony to $600 per month and reduced the amount of life insurance required proportionately. This was done simply on the basis of an affidavit, an order to show cause hearing on only ten days notice, and a reply affidavit.

I believe the process used here violates the letter and the spirit of *Dixon* and *Lampert*. *Dixon* condemned trial by affidavit and *Lampert* requires a party to provide the trial court with a complete detailed financial position. Where one's ability or inability to pay is impossible to determine, "he is not entitled to any relief." *Lampert*, 388 N.W.2d at 903; *Wilson*, 399 N.W.2d at 891. We should reverse and remand for a new hearing.

MILLER, C.J., joins this dissent.