**Edwin G. LAMBERTZ, Plaintiff and Appellant,**

v.

**Frances J. LAMBERTZ, Defendant and Appellee.**

**No. 14494.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1984.

Decided Oct. 30, 1985.

Thomas K. Wilka, of Hagen & Wilka, Sioux Falls, for plaintiff and appellant.

Sidney B. Strange, Strange & Palmer, Sioux Falls, for defendant and appellee; David Alan Palmer, of Strange & Palmer, Sioux Falls, on briefs.

PER CURIAM.

This is an appeal from an order denying appellant Edwin G. Lambertz's motion to reduce alimony payments. We reverse and remand.

Edwin and appellee Frances J. Lambertz were divorced on August 5, 1982, after thirty-two years of marriage and seven children. He was age fifty-four. She was

fifty-two years old. Frances, a high school graduate, raised the children and aided the family financially by remodeling and selling their homes. Edwin was an administrator with the South Dakota Air National Guard, an officer in the U.S. Army Reserve, and a real estate salesman. In 1982, at the time of trial, he earned $45,000 annually.

The trial court granted the divorce to Edwin. It divided the property based in part on the parties' agreement and ordered Edwin to pay Frances $1,000 per month alimony. The award was based upon Edwin's income, Frances' $1,200 monthly expenditures, and her limited earning capacity.

Edwin did not appeal from the judgment and decree of divorce. Rather, on September 2, 1982, he filed a motion to reduce the amount of alimony, arguing that Frances now had an income and that her expenses were less than she indicated at trial. Frances admitted earning $3.75 per hour as a seasonal employee at a country club. By order, the trial court denied the motion.

On April 26, 1983, Edwin filed another motion to reduce the alimony obligation, arguing that he had been forced to dispose of personal property and that he would retire on August 31, 1983, reducing his income to $2,000 per month. By order, the trial court dismissed the motion "as not being timely brought."

After he did in fact retire, Edwin filed a third motion to reduce the amount of alimony payments. In his supporting affidavit he said that he had retired effective September 1, 1983, his income since retirement was $2,000 per month, and he was financially unable to pay $1,000 per month alimony. Frances argued that the trial court was aware of appellant's plan for early retirement and reduction of income at trial. By order, the court denied the motion.*

This appeal followed. We remanded the case for findings of fact and conclusions of law. These indicate that the trial court

was aware that Edwin might take an early retirement and a decrease in pay when it made the initial alimony award. According to the trial court, Edwin did so knowing what his financial obligation to Frances would be. Hence, the trial court concluded the financial circumstances at the time of the final motion to reduce alimony had not changed.

The sole issue on appeal is whether the trial court abused its discretion by denying Edwin's motion to reduce the $1,000 per month alimony that he was required to pay Frances. We conclude that it did.

■ The "substantial change of circumstances" standard necessary for modification of child custody provisions is not applicable in a proceeding to modify alimony. *See Jameson v. Jameson,* 306 N.W.2d 240 (S.D.1981). To justify a change in alimony payments there must merely be a change of circumstances. *Moller v. Moller,* 356 N.W.2d 909 (S.D.1984); *Rousseau v. Gesinger,* 330 N.W.2d 522 (S.D.1983); *Herndon v. Herndon,* 305 N.W.2d 917 (S.D. 1981).

■ Between the time of the divorce decree and the modification hearing Edwin's income was reduced by approximately half. This was not due to a voluntary reduction in income to avoid or evade the payment of alimony. *Simmons v. Simmons,* 67 S.D. 145, 290 N.W. 319 (1940); *Herndon v. Herndon, supra.* Rather, he was required to retire within a year of his actual retirement date under Air Force regulations. *See* 10 U.S.C. § 633. Although the trial court was aware that Edwin might retire after the decree, this evidence was speculative and irrelevant to the initial alimony award. As we noted in *Guindon v. Guindon,* 256 N.W.2d 894, 899 (S.D.1977), ". . . respondent makes dire predictions of the future decrease in his income. If his income should decrease and/or the appellant's income increase, he may petition the

---

* The settled record contains no transcripts from the divorce hearing or the subsequent motion hearings.

trial court for a modification under such a change of circumstances."

At the modification hearing, the trial court was clearly presented with a different state of facts than he originally adjudicated. It is clear that Edwin's substantial reduction in income after the divorce decree presented the court with change sufficient to warrant a reduction in alimony. *Guindon, supra; Dougherty v. Dougherty,* 76 S.D. 318, 77 N.W.2d 845 (1956). The trial court abused its discretion by failing to reduce the alimony award. Consequently, we reverse and remand this case for a reduction in alimony based upon the needs of Frances and the financial ability of Edwin. The request for attorney's fees by Frances is denied.

Reversed and remanded.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.