**Jerome G. HARVEY, Plaintiff and Appellee,**

v.

**Dorothy Lucille HARVEY, Defendant and Appellant.**

Nos. 14955, 14963.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1986.

Decided March 26, 1986.

Thomas E. Adams of Voelker & Adams, Deadwood, for plaintiff and appellee.

John J. Delaney of Amundson, Fuller & Delaney, Lead, for defendant and appellant.

FOSHEIM, Chief Justice.

Dorothy Harvey appeals from the trial court's division of property in a divorce

decree. Jerome Harvey, by notice of review, likewise contests aspects of the property division. We reverse and remand.

The court awarded Jerome a small hobby farm along with buildings, equipment, and livestock. The land was acquired from Jerome's father in 1972 for $12,000. There was no written contract. The property is now appraised at $100,000. The court found that one-half of that present value was a gift to Jerome from his father and the remainder constituted marital property. To equalize the division, Jerome was directed to pay Dorothy $35,000. Dorothy was awarded miscellaneous personal property and an automobile. Both parties are high school teachers. However, Dorothy earns a higher wage by virtue of a masters degree.

Dorothy claims the trial court erred in concluding that one-half of the value of the farm was a gift to Jerome only. She notes the only evidence on the value of the land in 1972 was that Jerome's father reduced the price from $12,500 to $12,000.[1] It is Dorothy's position that parol gifts from a parent must be shown by clear and convincing evidence and that there is insufficient evidence here for a finding that the purchase price was below market value in 1972 or that any price reduction by Jerome's father of more than $500.00 constituted a gift to Jerome only.

A trial court has full power to make an equitable division of the marital property having due regard for the circumstances of the parties. SDCL § 25-4-44. *Kittelson v. Kittelson*, 272 N.W.2d 86, 88 (S.D.1978). This discretion can only be exercised and findings made thereon after a full disclosure and consideration of all assets. Since placing a valuation on the parties' assets is within the province of the trier of fact, this court will defer that task to the trial court. *Kittelson*, 272 N.W.2d at 88; *Hanks v. Hanks*, 296 N.W.2d 523, 526 (S.D.1980). Although the trial court's discretion is broad, it is not uncontrolled and must be soundly and substantially

1. Jerome's father has brought suit to recover a balance due of $10,000.

based upon the evidence. *Goehry v. Goehry*, 354 N.W.2d 192, 194 (S.D.1984). Accordingly, this court reviews the lower court's findings of fact under the clearly erroneous standard and will over-turn a trial court's conclusions of law when the trial court has erred as a matter of law. *Temple v. Temple*, 365 N.W.2d 561, 565 (S.D.1985).

The trial court found and the evidence shows that both parties contributed in some manner to the operation and development of the farm. There is also an inflation factor contributing to the increase in value of the land from 1972 to 1982 of which the trial court could, and perhaps did, take judicial notice. SDCL § 19–10–2. The trial court's findings that the present value of the improved land is $110,000; the purchase price was $12,000; and the amount due is $10,000 are not clearly erroneous since they find support in the evidence. The record reveals no evidence, however, that one-half of the land was a gift to Jerome only.

The testimony of Jerome's father indicates a gift, at most, of $500.00 due to a purchase price reduction from $12,500 to $12,000. This reduction constituted only four percent of the initial price on a sale to both Jerome and Dorothy. In contrast, the property division awarded Jerome a gift of $50,000 or fifty percent of the improved net value of the land. Parol gifts from a parent must be shown by clear and convincing evidence. *Bentz v. Esterling*, 76 S.D. 331, 333, 78 N.W.2d 73, 74 (1956). Accordingly, the case must be remanded for appropriate findings of fact, consistent with the evidence on which the trial court bases its conclusions on the character and distribution of the farm property. It will then be in the discretion of the trial court whether a gift of land, if any, is included in the property division. *Laird v. Laird*, 322 N.W.2d 254, 256 (S.D.1982).

We next consider whether trial court erred in failing to include some post-separation debts and exclude others in the property division. Dorothy claimed that a $2,500 loan from the bank was erroneously ex-cluded since it was used to support herself and the children during the separation. Her proposed finding to that effect was refused. Jerome argues that this bank debt was properly excluded but that another debt incurred by Dorothy of $1,000 to her brother was improperly included. He also claims that the value of a pickup he purchased during separation and its off-setting debt resulted in an erroneous $1,000 increase in his assets.

Jerome did not object to the findings and valuations made by the trial court. They are essentially as he proposed. Therefore, his claims of error regarding exclusion or inclusion of post-separation debts, inclusion of children's property, and inclusion or exclusion of certain gifts, other than the land, have not been preserved. *See Burke v. Lead-Deadwood School District No. 40–1*, 347 N.W.2d 343, 344–45 (S.D.1984). When the post-separation debts and purchases of both parties are balanced and considered we cannot, however, conclude that the trial court clearly erred or abused its discretion in excluding Dorothy's $2,500 bank debt.

Both parties requested attorney's fees at the trial court level. When considering the property now owned by each and its fixed or liquid nature, the parties' respective incomes, and whether either party unreasonably increased the time spent on the case, we cannot conclude the trial court clearly erred in denying both requests. *Goehry*, 354 N.W.2d at 195; *see also Rykhus v. Rykhus*, 319 N.W.2d 167, 171 (S.D. 1982).

Dorothy has also requested attorney's fees on appeal and has provided an itemized statement in support thereof, as required. *See Malcolm v. Malcolm*, 365 N.W.2d 863, 866 (S.D.1985). We consider the same factors as does the trial court. *Rykhus*, 319 N.W.2d at 171. Since the erroneous findings on which we remand were in large part proposed by Jerome, we find that he contributed to the necessity of this appeal. Accordingly, we award Doro-

thy attorney fees on appeal in the amount of $1,712.68.

We reverse and remand for proceedings consistent with this decision.

MORGAN, HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time these actions were submitted to the Court, did not participate.