**Henry J. WEGNER, Plaintiff and Appellee,**

v.

**Betty WEGNER, Defendant and Appellant.**

**No. 15237.**

Supreme Court of South Dakota.

Considered on Briefs May 21, 1986.

Decided July 30, 1986.

Warren W. May, May, Adam, Gerdes & Thompson, Pierre, for plaintiff and appellee.

R.C. Riter, Riter, Mayer, Hofer & Riter, Pierre, for defendant and appellant.

SABERS, Justice.

Appeal from trial court's refusal to increase an alimony award and modify the division of property arising from a prior stipulation and decree of divorce. We affirm.

### Statement of Facts

On November 2, 1982, appellee Henry J. Wegner (Henry), commenced an action for divorce. He was granted a default divorce from the appellant Betty Wegner (Betty) on May 12, 1983. The trial court divided the property, awarded alimony and attorneys fees pursuant to a stipulation made between the parties on the same date. Each party was represented by counsel throughout the divorce proceedings.

The Wegners were married on June 28, 1948, in Pierre, South Dakota. The three children born of this union are now adults. During their married life, Henry has been involved in the automobile business in Pierre. Betty worked in the family business as a bookkeeper for approximately six years but was primarily a homemaker.

On February 6, 1985, Betty filed an affidavit and an order to show cause for an increase in alimony and a modification of the property agreement, alleging that Henry failed to disclose an inheritance from his stepmother and a malpractice lawsuit as assets prior to the entry of the divorce decree.

A hearing was held on October 10, 1985, and the trial court entered Findings of Fact and Conclusions of Law on December 20,

1985 that Betty failed to prove a change of circumstances sufficient to warrant an increase in alimony. The trial court held that the provisions of SDCL 15–6–60(b) precluded reopening the judgment to modify the property settlement. The trial court also found that Henry did not commit fraud in connection with his inheritance from his stepmother and his medical malpractice lawsuit. Betty appeals.

### 1. SHOULD ALIMONY BE INCREASED?

█ SDCL 25–4–41 provides that the trial court may award alimony as is deemed just having regard for the circumstances of the parties. To warrant modification of an alimony award, there must merely be a change of circumstances. *Cole v. Cole*, 384 N.W.2d 312 (S.D.1986); *Lambertz v. Lambertz*, 375 N.W.2d 645 (S.D.1985). The burden of proving a change in circumstances sufficient to justify modification of an alimony award is upon the party seeking modification. *Rousseau v. Gesinger*, 330 N.W.2d 522, 525 (S.D.1983). This court will not disturb an award of alimony unless it clearly appears that the trial court abused its discretion. *Cole*, 384 N.W.2d at 315; *Straub v. Straub*, 381 N.W.2d 260 (S.D. 1986).

The stipulation executed by the parties provided that:

—Henry pay Betty $500 per month as alimony and her attorneys fees incident to the divorce;

—Betty receive the family home in Pierre as her sole property;

—During his lifetime, Henry pay all real estate taxes, mortgage payments, assessments, maintenance, including the furnishing of fuel oil, for her family home;

—Betty remain the sole beneficiary on $120,000 of Henry's life insurance policies;

—Henry maintain health and accident insurance coverage upon Betty for life;

—Henry provide Betty with a car, free gasoline and car maintenance for life; and

—Henry furnish Betty with the free use of the Wegner Auto Company Arizona home and the Wegner Auto Company Black Hills cabin on the same terms as such use was offered to other family members.

At the October 10, 1985 hearing, Henry introduced a breakdown of the expenses he paid for Betty in 1984. According to his testimony, the total of such payments, including alimony, exceeded $16,000 in 1984, and averaged approximately $15,000 annually.

The evidence shows that Henry fulfilled all aspects of the stipulation and assisted Betty financially when she was indebted to the IRS in 1984, and paid for her plane ticket when she desired to go to Arizona.

The evidence further shows that Henry's health has deteriorated since the divorce. He is 58 years old. He had a heart attack in 1980. He had a stone removed from his only remaining kidney in April, 1983. He also had a prostate operation in August of 1983, and he suffers from hardening of the arteries, angina, and a heart rhythm problem for which he has been hospitalized. Henry will need a pacemaker within five years. These medical and hospital expenses are not entirely covered by his insurance. Betty is 58 years old and is in reasonably good health except for a drinking problem and high blood pressure which is controlled by medication.

Betty asked for an additional $250 in alimony. She testified that her monthly household expenses total approximately $471, and that she is behind on a number of bills due to inflation. However, she did not produce any itemized statements. She testified that her present financial status prevents her from buying "extras", like new clothes, shoes, entertainment, and travel. Although Henry admitted on deposition that he was able and willing to pay an additional $200 alimony per month, he did

not believe he should be required to pay such an increase.

Although Betty is a qualified bookkeeper, she has not attempted to procure employment to supplement her alimony payments. The parties' daughter offered her a bookkeeping job but she did not follow through with this position.

The trial court found that inflation has increased only minimally since the divorce and that Betty failed to demonstrate any expenses in excess of those which were apparent at the time of the divorce in 1983. The trial court further found that although Betty was employable, she had made little or no effort to secure and maintain employment after the divorce. The court also found that Henry's medical problems have continued to worsen since the divorce, significantly increasing his medical bills. Therefore, the court concluded that Betty failed to sustain her burden of proving a change in circumstances sufficient to justify an increase in the present alimony award. We agree, and hold that the trial court did not abuse its discretion in refusing to modify the award of alimony in this case. *See: Lampert v. Lampert*, 388 N.W.2d 899 (1986).

## 2. SHOULD THE PROPERTY SETTLEMENT AGREEMENT BE SET ASIDE UNDER SDCL 15–6–60(b)(3)?

■ Betty argues that Henry committed fraud prior to the entry of judgment by failing to reveal certain assets. She relies

---

* SDCL 15–6–60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b);
(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or other-

on SDCL 15–6–60(b)(3) as a basis for vacating the judgment dated May 17, 1983. In *Rogers v. Rogers*, 351 N.W.2d 129 (S.D. 1984), we held that SDCL 15–6–60(b) * authorizes relief from judgment based on mistake, inadvertence, excusable neglect, surprise and fraud, and is applicable to awards of support and property settlements incorporated in divorce decrees.

SDCL 15–6–60(b) requires that a motion which alleges fraud must be made "not more than one year after the judgment, order or proceeding was entered or taken." Betty's motion to modify the judgment was made on February 6, 1985. Obviously, this motion was made more than one year after the judgment was entered. Therefore, Betty is not entitled to any relief under SDCL 15–6–60(b)(3).

## 3. SHOULD THE PROPERTY SETTLEMENT AGREEMENT BE SET ASIDE UNDER SDCL 15–6–60(b)(6)?

■ Betty urges that we follow the reasoning of the North Dakota Supreme Court in *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970). The *Kinsella* court discussed the relief available under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which is identical to SDCL 15–6–60(b)(6), as follows:

[T]his broad language [of Rule 60(b)(6)] gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice ... [If] it is unjust that a judgment be enforced,

---

wise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) Any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Section 15–6–60 does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided by statute or to set aside a judgment for fraud upon the court.

Rule 60(b)(6) does provide an avenue for escape from the judgment, unhampered by detailed restrictions, and the courts have used this clause in a variety of situations.

*Kinsella,* 181 N.W.2d at 769, quoting 3 Barron & Holtzoff, *Federal Practice and Procedure* § 1329 at 417; *see also: Zundel v. Zundel,* 146 N.W.2d 896, 901 (N.D.1966); *Blare v. Blare,* 302 N.W.2d 787, 789 (S.D. 1981).

In reliance on *Kinsella, supra,* Betty asserts that Rule 60(b) is remedial in nature and should be liberally construed and applied. *Id.* 181 N.W.2d at 769. She is seeking to circumvent the one-year limit imposed on SDCL 15–6–60(b)(3) for fraud, by attempting to bring herself within section (6), to which the one-year limitation does not apply, provided the motion is made within a "reasonable time." *See: Blare,* 302 N.W.2d at 789.

In *Kinsella,* the motion to vacate was not based upon a claim of fraud, nor was it untimely made. *Id.* 181 N.W.2d at 769. Indeed, the wife moved to vacate an order modifying the child support provisions of the original divorce decree less than two months after it was entered. *Id.* The court held that Rule 60(b)(6) relieves a party from a final order for any reason justifying such relief and could be invoked based on the best interests of the minor child. *Id.*

Here, Betty claimed that Henry defrauded her prior to their execution of the stipulation. The correct standard of proof for fraud is preponderance of the evidence. *Jennings v. Jennings,* 309 N.W.2d 809, 812 (S.D.1981). The burden of establishing fraud rests on the party who seeks to rely on it for affirmative relief. *Id.* The evidence concerning Betty's allegation of fraud is as follows:

INHERITANCE CLAIM:

—The parties' respective attorneys discussed the possibility of Henry's inheritance from his stepmother's estate prior to executing the stipulation;

—Henry's counsel advised Betty's counsel that he did not know whether Henry would receive anything under his stepmother's will;

—Henry's counsel informed Betty's counsel that if Henry, in fact, inherited anything, it would not be subject to the division of property between the parties; and

—Rather than inquiring further, litigating the inheritance issue, or postponing the division of property, Betty chose to voluntarily enter into the stipulation which divided the property;

MEDICAL MALPRACTICE CLAIM:

—Henry commenced a medical malpractice action in the fall of 1982;

—Betty testified that she knew about the commencement of this suit;

—At the time of entry of the divorce decree on May 17, 1983, this litigation was still pending and whether or not Henry would prevail was unknown; and

—Henry obtained a favorable judgment against the doctor in June of 1984 for $100,000.

The trial court found that Henry's contingent malpractice claim had no known value at the time of the entry of the divorce decree and its value, if any at all, was speculative and conjectural. *See: Fries v. Fries,* 288 N.W.2d 77, 81 (N.D.1980). The record shows that Henry could not find one doctor at that time who would agree to testify on his behalf. Several doctors who had previously consented to serve as witnesses had changed their mind, and no doctors from Pierre, South Dakota, would testify. No settlement offers had been made and Henry was advised by counsel that his chances of losing the malpractice case were substantial.

The trial court also concluded that Betty, with assistance of counsel, voluntarily executed the stipulation on May 12, 1983, and that she elected to waive her right to liti-

gate any claim that the inheritance constituted a marital asset.

In *Blare, supra,* we held that a party was not entitled to vacate a property distribution which was based on a settlement agreement freely entered without coercion or fraud. *Id.* 302 N.W.2d at 790. In this case, the wife sought to vacate or modify the judgment more than one year after it was entered. Conceding that she exceeded the one-year limitation under SDCL 15–6–60(b)(1), (2), and (3), she sought to justify relief under section (6) based upon the alleged mistakes and negligence of her trial lawyer. *Id.* at 789. However, she did not claim that she was coerced or defrauded into the stipulation. *Id.* at 790.

In analyzing her claim for relief under SDCL 15–6–60(b)(6), we quoted *Zundel, supra,* in part:

> ... of course, this power [of Rule 60(b)(6)] is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests ...

*Blare,* 302 N.W.2d at 789, quoting from *Zundel,* 146 N.W.2d at 901; *see also: Kinsella,* 181 N.W.2d at 769. Applying the *Blare* rationale to the present case, Betty cannot use section (6) of SDCL 15–6–60(b), in the absence of fraud, to modify the judgment which incorporated the stipulation that she freely and deliberately executed.

We hold that Betty failed to prove that fraud existed in connection with Henry's inheritance or malpractice claim at the time the stipulation was executed. Consequently, the trial court correctly denied her motion for relief under SDCL 15–6–60(b)(6).

Accordingly, we affirm the trial court in all respects.

FOSHEIM, C.J., and MORGAN and WUEST, JJ., concur.

HENDERSON, J., concurs in result in part and concurs in part.

HENDERSON, Justice (concurring in result in part, concurring in part).

Although I agree with the trial court's ruling on the merits on issue one, I concur in the result of that aspect of the opinion due to the recitation of alimony cases as authority to which I have dissented.

As for parts two and three of this opinion, I fully concur.