Irene HORR, Plaintiff and Appellee,

v.

Emmette HORR, Defendant
and Appellant.

No. 16483.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1989.

Decided Aug. 30, 1989.

Rehearing Denied Oct. 4, 1989.

Gary G. Colbath of Banks, Johnson, Johnson, Colbath & Huffman, P.C., Rapid City, for plaintiff and appellee.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

ZINTER, Circuit Judge.

Emmette Horr (Husband) initiated a proceeding to reduce his alimony payments. After hearing, the trial court reduced his alimony. Husband appeals, contending the trial court erred in not further reducing or eliminating alimony. We affirm.

Husband and Irene Horr (Wife) were divorced on August 6, 1984, after 22 years of marriage. At the time of the divorce, Husband was a reserve captain for a major airline company earning $84,500 per year. The record does not reflect Wife's work history other than earnings in 1984 of $9,426.00 in the real estate business. A stipulation concerning child custody, property division and spousal support was incorporated into the final decree. The stipulation provided Husband was to pay alimony in the amount of $1,750 per month for 121 months. Payments were to terminate upon Wife's remarriage. Because of anticipated uncertainties in Husband's future income, the stipulation contained a provision

which provided for a change in alimony payments in an amount directly proportional to any change in Husband's future income.[1] The stipulation also provided alimony would be reduced $250 a month as long as Wife continued to occupy the marital home.

On November 18, 1986, Husband moved to have the alimony reduced, alleging a change in circumstances since the divorce. Husband alleged his income had been reduced as a result of airline mergers and changing labor contracts. He alleged Wife's income had increased as a result of her real estate business and her cohabitation with another man. At the hearing on the motion, Husband also moved the court to reconsider the property settlement alleging a change in circumstances making that settlement unjust and inequitable. Wife agreed Husband's income had decreased, but the extent of the decrease remained in dispute. Wife also objected to any change in the property settlement and further alleged Husband owed alimony arrearages as he failed to pay the additional $250 per month after she vacated the marital home.

By agreement of the parties, the trial court considered these matters upon affidavits, answers to interrogatories, and the testimony of the parties at a hearing on the motion. The trial court[2] noting property settlements are not subject to modification for change of circumstances, *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983), declined to modify the property settlement. The trial court did review Husband's complicated and voluminous airline contracts and determined Husband suffered a twenty-three percent reduction in income for a period of time after the divorce and thereafter his income increased. In accordance with the stipulation and finding a change in circumstances, the trial court adjusted support arrearages in direct proportion to Husband's reduction in income, also taking into consideration his failure to pay additional support due after Wife vacated the marital home. The trial court found that all other factors[3] that must be considered in awarding alimony changed very little since the divorce. The court concluded future alimony should be reduced fifteen percent, to $1,488 per month.

On appeal, neither party contends the trial court's reduction of alimony in propor-

---

1. In *Karim v. Karim*, 290 N.W.2d 479 (S.D. 1980), this Court concluded that a trial court's order directing that child support payments be increased at the rate of twenty percent of any gross salary increase paid to the obligor was improper. This Court reasoned that basing future increases in support on the single criteria of the obligor's earning ignores the myriad of other possible changes aside from one party's increased earnings that are relevant to the issue of quantum of child support, and therefore such an award is improperly based upon speculation. *Id.* at 482. Although a modification of an alimony award also involves the consideration of more factors than the obligor's earnings, the divorce decree herein was entered upon a stipulation of the parties and no issue concerning the validity of that decree has been raised in this appeal. Accordingly, we express no opinion on the validity of the provision providing for increases in spousal support based solely on changes in Husband's income.

2. This matter was initially decided by Judge Jeff W. Davis. Subsequent to the filing of Judge Davis' Memorandum Decision, Husband asked Judge Davis to recuse himself, alleging it was not previously known that prior to the divorce Judge Davis and both parties owned separate shares in a common investment. Wife was awarded the parties' share at the time of the

divorce and the tax liability of that investment became an issue in the alimony modification proceedings. Judge Davis disqualified himself and Judge Young was assigned the case. On appeal, Husband argues all judges of the Seventh Circuit should have been disqualified. Husband alleges all judges in the Seventh Circuit are friends and he infers that, as a result, no other Seventh Circuit judge could be fair and impartial. However, there is no evidence to support Husband's argument. Furthermore, Judge Young allowed the parties to supplement the record with additional evidence and he reconsidered the matter de novo. We find Husband's argument unsupported and without any merit.

3. The trial court considered (1) the length of the marriage, (2) the respective earning capacity of the parties, (3) the respective financial condition of the parties after the property division, (4) the respective age, health and physical condition of the parties, (5) the parties' station in life or social standing, and (6) the relative fault of the parties in the termination of the marriage. *See Stubbe v. Stubbe*, 376 N.W.2d 807 (S.D.1985); *Guindon v. Guindon*, 256 N.W.2d 894 (S.D. 1977).

tion to Husband's reduction in income and adjustment of arrearages was in error. Husband also concedes most of the factors involved in an initial award of support remained unchanged. Husband contends, however, "the amount awarded by the trial court originally [at the time of the divorce] was totally disparate to Husband's income and the recent reduction was not sufficient in view of the present upward change in wife's earning capacity and financial status."

I

■ It is apparent from Husband's arguments here and before the trial court that much of his dissatisfaction is with the original award. However, the original award was made on a property and alimony agreement entered into between two responsible adults represented by counsel. To the extent Husband's arguments for a further reduction of alimony are based upon the initial property division and alimony agreement, they are without merit. In reviewing alimony modification decisions, this Court "will not put trial courts in the position of relieving parties of an initial bad bargain, nor look behind the original decree on an appeal of a modification decision." *Moller v. Moller*, 356 N.W.2d 909, 911–12 (S.D.1984). Therefore, the only issue before the trial court was whether the circumstances changed between the 1984 divorce and the 1987 modification hearing which warranted an alimony adjustment. *Id.*

■ To justify a change in alimony previously awarded, this Court has consistently held there must merely be a change in circumstances. *Foley v. Foley*, 429 N.W.2d 42 (S.D.1988); *Wegner v. Wegner*, 391 N.W.2d 690 (S.D.1986); *Lambertz v. Lambertz*, 375 N.W.2d 645 (S.D.1985); *Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981); *Guindon, supra; Jameson v. Jameson*, 90 S.D. 179, 239 N.W.2d 5 (1976). The change in circumstances refers to a change in the necessities of the recipient and the financial ability of the obligor. *Dougherty v. Dougherty*, 76 S.D. 318, 77

N.W.2d 845 (1956); *Guinter v. Guinter*, 72 S.D. 554, 37 N.W.2d 452 (1949).

■ Although remarriage makes a prima facia case for termination of alimony, *Marquardt v. Marquardt*, 396 N.W.2d 753 (S.D.1986), cohabitation, in and of itself, is not a circumstance upon which alimony may be modified or terminated. *Myhre v. Myhre*, 296 N.W.2d 905 (S.D.1980). Cohabitation may be considered as a sufficient change in circumstances for alimony modification only when it affects the financial needs of the recipient. *Id.* In such cases, the party seeking the change bears the burden of showing the need for further payment has decreased. *Id.*

■ In reviewing the decision of the trial court regarding the modification of alimony, this Court does not sit as a trier of fact and will not disturb the decision of the trial court unless there is an abuse of discretion. *Herndon, supra* at 918. An "abuse of discretion" is discretion exercised to an end or purpose not justified by, and clearly against, reasoning and evidence. *Id.*

Wife's income was $9,426 in 1984, $6,506 in 1985, and $16,542 in 1986. She estimated her 1987 earnings to be $18,000. In November of 1986, she purchased a home in California with Franklin Young and began sharing the mortgage, utility and food expenses of that household. Young's contribution was approximately $1,047 a month, which was one-half of the total expenses. Considering Young's contribution to the household expenses, and Wife's increase in income, Husband argues Wife's income has tripled since the divorce.

In considering the financial necessities of Wife and the ability of Husband to pay, both income and expenses of the parties must be considered. Both parties submitted detailed monthly budgets which revealed Wife's monthly expenses included $1,060 for her share of the mortgage, utilities and food; $840 for clothing, laundry, cleaning, transportation and medical care; $991 for debt payments to credit card companies, financial institutions and retailers on current liabilities of $13,503; $150 for tax obligations; $90 for college debts incurred by the son of the parties; and $195

for insurance. Her budget reveals no provision for savings or recreational expenses and shows more expenses than her income and the contributions of Mr. Young. She testified she intended to return to school that fall.

On the other hand, at the time of hearing, Husband was a full captain, qualified in two types of aircraft. He expected to earn $85,000 in salary and $15,000 in employee stock option plan payments in 1987. He was in the process of a second divorce and was supporting no other dependents. Husband's monthly budget reflects enough income to meet all personal and alimony obligations. Although Husband argues he has little disposable income, his budget reflects substantial provisions for savings and country club expenses. Considering the relative income and expenses of the parties, the stipulation for payment of alimony and Husband's failure to introduce any evidence showing how the expenses of the parties changed since the decree, we do not conclude the trial court abused its discretion in finding the relative financial condition of the parties changed little since the divorce.

Husband also argues Wife received seventy-five percent of the marital assets in the initial property division, and the trial court failed to give proper consideration to the property division in modifying support. Initially, we observe Wife did not receive seventy-five percent of the marital assets. Husband's figures improperly include as marital assets all alimony Husband has paid to Wife since the divorce and a capital gain Wife received from the sale of non-marital property acquired after the divorce. The primary marital assets of the marriage were the parties' home and Husband's retirement account. The equity in the marital home was divided equally and Wife was given a one-third future interest in the retirement account. The joint net worth of the parties at the time of the divorce was $136,000. At the time of the hearing, Wife's net worth was approximately $40,-000 and Husband's was approximately $50,-000. The evidence reveals very little change in property ownership since the divorce. Furthermore, the parties agreed to the property and alimony provisions. The parties will not be relieved of an initial bad bargain on a modification hearing. *Moller, supra.*

Although we may not have come to the same decision, we cannot say the trial court abused its discretion in concluding Husband failed to meet his burden of proving the requisite change of circumstances since the divorce warranting a further reduction or elimination of alimony.

II

■ In 1982, the parties took an income tax deduction as a result of an investment in a tax shelter. Under the stipulation, the investment became the property of Wife at the time of the divorce. After the divorce, the Internal Revenue Service disallowed the 1982 deduction and Husband paid the back taxes, interest and penalty. In modifying alimony, the trial court ordered Wife to reimburse Husband for one-half of this debt.

■ On appeal Husband contends he is entitled to a full refund, since the Internal Revenue Service assessment was made after the divorce and Wife should be deemed to have accepted this investment along with any tax consequences. We need not address this issue, as the transcript of hearing reveals Husband agreed to an equal division of this tax liability. A party cannot claim the benefit of a version of facts on appeal more favorable to his own contentions that he has given in his own testimony. *Drier v. Perfection, Inc.*, 259 N.W.2d 496 (S.D.1977).

The decision of the trial court is affirmed.

WUEST, C.J., and MORGAN, SABERS and MILLER, JJ., concur.

ZINTER, Circuit Judge, for HENDERSON, J., disqualified.