**Beverly Ione SCHWANDT, Appellant,**

v.

**William F. SCHWANDT, Appellee.**

**No. 17060.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 26, 1990.

Decided June 5, 1991.

George J. Rice of Rice & Ewinger Law, Aberdeen, for appellant.

William F. Schwandt, pro se.

PER CURIAM.

Beverly Ione Schwandt (Beverly) appeals from an order denying a modification in alimony and vacating a prior alimony order. We reverse and remand.

## FACTS

Beverly and William F. Schwandt (William) were divorced on March 23, 1976. The final paragraph of the 1976 judgment and decree of divorce provided:

> The Defendant [William] shall pay alimony to the Plaintiff [Beverly] at the rate of One Dollar ($1.00) per year which sum of money shall be payable through the Office of the Clerk of the above Court on January 5th of each and every year hereafter *until further order of this Court* commencing January 5, 1977. (emphasis added).

In September of 1989, Beverly filed a motion to modify alimony which was supported by an affidavit which alleged that she was unemployed and disabled. William opposed Beverly's motion and asked that alimony be terminated. The trial court entered a memorandum decision in which it denied the modification of alimony and noted that the one dollar a year alimony had never been paid. The trial court concluded, without the benefit of an evidentiary hearing or any evidence, that:

> [I]t would be unconscionable to require the Defendant, after this length of time, to come forward with new support for his ex-wife.
>
> In all matters, there has to be a point of finality inasmuch as no action had been taken on a previous occasion. At this time, the Court will not define what length of time would be a cut-off, but will say that 13½ years reaches that point.

Beverly filed proposed findings of fact and a motion for attorney fees. The trial court entered an order denying the motion to modify alimony and the request for attorney fees. The order states:

> Even assuming for the purpose of this motion that the plaintiff is in fact incapacitated it is nonetheless clear that this incapacity or disability arose more than thirteen years subsequent to the entry of the Judgment and Decree of Divorce.

The order also vacated the provision in the 1976 divorce decree providing for one dollar per year alimony. The order incorporated by reference the previously quoted memorandum decision. Beverly appeals from the order.

## DECISION

SDCL 25–4–41 allows the trial court to modify support orders "from time to time." *Foley v. Foley,* 429 N.W.2d 42, 45 (S.D.1988). No modification of an alimony award can be made unless there is a change in circumstances from those which existed at the time of the original decree. *Id.* The burden of proving such a change in circumstances is on the party seeking modification. *Id.* *See also, Pengra v. Pengra,* 429 N.W.2d 754, 755 (S.D.1988).

> In reviewing the decision of the trial court regarding the modification of alimony, this Court does not sit as a trier of fact and will not disturb the decision of the trial court unless there is an abuse of discretion. An "abuse of discretion" is discretion exercised to an end or purpose not justified by, and clearly against, reasoning and evidence. (citations omitted).

*Horr v. Horr,* 445 N.W.2d 26, 28 (S.D.1989).

The trial court denied the request for change in alimony based *solely* on the fact that the divorce decree was entered over 13 years ago. The trial court further explained that, even if he assumed Beverly's allegations of incapacity and unemployment were true, he believed that denial of the motion for change of alimony was dictated by the mere fact that the divorce decree was over 13 years old. We must hold the trial court clearly abused its discretion by denying the motion. Although alimony was only one dollar, it was still enough to give jurisdiction to modify alimony. In *Foley,* recognizing this principle, we held: "[m]odification of alimony awards is predicated on the belief that the trial court cannot foresee all circumstances which may arise after the original decree is entered." *Foley,* 429 N.W.2d at 46. *See also Dougherty v. Dougherty,* 76 S.D. 318, 77 N.W.2d 845 (1956). We reverse and remand and issue direction for the trial court to take evidence, then decide the motion on the merits and thereupon enter

findings of fact and conclusions of law in support of his determination.

■ The trial court also vacated that portion of the 1976 divorce decree and judgment requiring William to pay alimony of one dollar per year for an indefinite period of time. SDCL 15–6–60(b) governs relief from judgment and is applicable to awards of support incorporated in divorce decrees. *Rogers v. Rogers,* 351 N.W.2d 129, 131 (S.D.1984); *Clarke v. Clarke,* 423 N.W.2d 818, 820 (S.D.1988). A motion for relief based on SDCL 15–6–60(b) is within the sound discretion of the trial court and will not be disturbed on appeal unless the trial judge abused his discretion. *Peterson v. La Croix,* 420 N.W.2d 18, 19 (S.D.1988); *Rogers,* 351 N.W.2d at 131.

■ As noted in our previous discussion of alimony, the fact that the divorce decree was over 13 years old, was not, by itself, enough to justify vacating that alimony order. No evidence was taken below and the trial court did not consider the merits of the situation. Thus, it appears there was no basis upon which to determine whether grounds existed to justify the vacation of the existing alimony order. We reverse and remand with direction to reinstate the 1976 alimony order.

■ Beverly requested attorney fees pursuant to SDCL 15–17–7. The trial court has discretion to award attorney fees if it finds that that such an award is warranted and necessary, "based upon the consideration of the property owned by each party, the relative income of the parties, whether the property of the parties is in liquid or fixed assets, and whether the actions of either party increased unreasonably the time spent on the case." *Pribbenow v. Van Sambeek,* 418 N.W.2d 626, 630 (S.D.1988). As we have previously noted, the trial court had no evidentiary basis upon which to make a determination to grant or deny Beverly's request for attorney fees. Thus, we hold there existed an abuse of discretion in denying the request for attorney fees. We therefore reverse the order denying attorney fees and remand for reconsideration based on the evidence to be presented in further proceedings required by this opinion.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., and MORGAN, Retired Justice, participating.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.